FILED
2022 Nov-14  AM 10:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE US DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## JASPER DIVISION

| | | |
|---|---|---|
| **James Harland,** | ] | |
| | ] | |
| **Plaintiff,** | ] | **Civil Case No.:** |
| **v.** | ] | |
| | ] | |
| **TJ Burnette, City of Sumiton Alabama,** | ] | |
| **Jason Bridges, and Diane Martin** | ] | **Plaintiff demands trial** |
| | ] | **by jury.** |
| | ] | |

## COMPLAINT

**COMES NOW** the Plaintiff, James Harland, by and through his attorneys of record, Charles C. Tatum, Jr., P.C., and for complaint shows unto the court as follows:

### I.    Introduction:

1.    This is a civil action for compensatory and punitive damages against defendants for violating plaintiff's inalienable right to be free from the unlawful seizure of his property and denial of due process, as secured by 4th and 14th Amendments to the US Constitution, under U.S.C. §1983.

### II.    Jurisdiction and Venue:

2.    This action arises under and is brought pursuant to the laws of the United States of America *42 U. S. C., Section 1983* through *Section 1988(a)* to remedy

1

deprivations, while acting under the color of state law, of civil rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution. This court has jurisdiction over this action pursuant to Ala. Code §12-11-30 (1975) and 28 U. S. C. Sections 1331 and 1343.

3.      Venue in this action is proper pursuant to 28 U. S. C. Sections 1393(b) in that a substantial part of the events or omissions giving rise to the plaintiff's claim occurred in the Jasper Division of the Northern District of Alabama.

### III.    The Parties:

4.      The Plaintiff, James Harland (Harland) is an adult resident of Walker County, Alabama and at all times relevant to this complaint was the proprietor and was doing business as "Ready To Work Trucks", located in Sumiton, Alabama that buys, repairs, and sells used commercial trucks and vehicles.

5.      The Defendant, TJ Burnette (Burnette) is an adult resident of Walker County, Alabama and at all times pertinent to this complaint was employed by the City of Sumiton, Alabama as the Chief of Police. This defendant is being sued in his personal capacity and as an agent, employee, and policymaker for the City of Sumiton.

6.      The Defendant, the City of Sumiton, Alabama (Sumiton) is a municipal corporation located in Walker County, Alabama, organized and operating under the laws of the State of Alabama.

7.    The defendant, Jason Bridges is an individual resident of Walker County, Alabama and at all times relevant to this complaint was a Deputy, Sheriff for Walker County.  This defendant is being sued in his personal capacity.

8.    The Defendant, Diane Martin is an individual resident of Walker County Alabama, and at all times relevant to this complaint was the proprietor of and doing business as "M&M Wrecker Service", which provided towing services for the City of Sumiton Police Department and Walker County Sheriff's Office.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS IN THIS COMPLAINT

9.    At all times material hereto, Harland was the proprietor of a business located in Sumiton, Alabama called Ready to Work Trucks, which was engaged in buying, repairing, and selling used commercial trucks and vehicles.

10.    Associated with his business, Harland possessed a building for his office, a garage for making service and related repairs, and a fenced-in lot where he kept his inventory of used trucks and vehicles.

11.    Among his inventory, Harland owned a 1999 International roll-back truck and a 2007 John Deere 210LE Tractor.  A rollback truck is a type of tow-truck that consists of a cab and a flatbed that can be lowered to the ground and used for moving cars, vehicles and other items.

12.    Harland and his employees used the rollback truck and tractor to move vehicles around his lot and in-and-out of the repair shop.

3

13.    Harland also routinely kept work tools on the flatbed portion of the rollback truck.

14.    In addition to Harland, employees at his business also used the rollback truck, tractor, and tools to perform their duties while working for Harland.

15.    On or about November 18, 2020, unbeknownst to Harland because he was not at the lot that day, one of Harland's employees drove the rollback truck to a shop in Birmingham, AL to pick up Harland's tractor where it had been repaired.

16.    On his way back from Birmingham, instead of returning to the lot, the employee driving the rollback went to his girlfriend's residence on Val Street in Sumiton, AL, which was very close to Harland's business and parked it on the street.

17.    A police officer with City of Sumiton spotted the rollback truck at the Val Street residence and was joined by Police Chief Burnette at the residence.

18.    The employee contacted Nathan Yarborough, Harland's manager, who was working at the lot that day, to let him know that he had stopped at his girlfriend's residence on Val Street with the rollback truck and tractor and that Burnette and another officer had come to the residence.

19.    Yarborough went to the Val Street residence to see what was going on. When Yarborough arrived, Burnette informed him that he was impounding the rollback because there was an "alleged problem", (he could not locate), with the VIN numbers on the rollback.

20.    In response, Yarborough told Burnette that he did not see how, since he built

4

the rollback from a flatbed truck; he knew the previous owner of the flatbed; there was no question regarding the rollback truck because they had the title to it, and there was no reason to seize it.

21.    Yarborough also told Burnette that the tractor that was on the back of the rollback was Harland's, that they had legal documentation for the tractor and the rollback that he was welcome to see, and there was no reason to seize either of them. Yarborough asked Burnette to return the tractor and also the rollback truck to him.

22.    Despite Yarborough's vouching for the rollback and tractor, and offering the title and legal documentation for both, Burnette refused to return either the tractor or rollback truck to Yarborough, insisted that there was a problem, that he could not find the VIN on the rollback, and then seized both the rollback and the tractor.

23.    Burnette told Yarborough that he would check the rollback VIN out at the department and that if it checked out as not stolen, that he would return it. He offered no reason for seizing Harland's John Deere tractor.

24.    Burnett seized and put a "hold" on Harland's rollback and tractor.  He called Diane Martin at M&M Wrecker Service, for a tow truck, seized the rollback and tractor and directed that the rollback and tractor be towed to her lot and be impounded.

25.    Martin was not authorized to store cars that were seized on behalf of the Walker County Sheriff's Department at her lot.

26.    As the tow-truck arrived at Martin's impound lot, Burnette alleges that he and

5

Bridges pulled in behind and they both instructed Martin not to release the vehicles to anyone.

27.    At no point, either before or after seizing Harland's rollback and tractor, did either Burnette or Bridges, notify Harland that his property had been taken and was impounded.

28.    At no point, either before or after taking Harland's rollback and tractor, did either Burnette or Bridges obtain a warrant to seize and impound the vehicle.

29.    The City of Sumiton Police Department has no written policy or custom requiring its officers to obtain a warrant to seize vehicles, or instigate a civil forfeiture proceeding, and instead left it to the discretion of the officers.

30.    At no point after taking Harland's rollback truck and tractor did either Burnette or Bridges initiate a civil forfeiture proceeding to attempt to condemn Harland's property.

31.    Harland eventually learned that his rollback truck and tractor had been seized and was impounded and sent his employees to recover his property.

32.    Martin, however, refused to release Harland's truck or tractor, or give Harland any information about it, other than there was a "hold" on-it.

33.    Burnette alleges that Deputy Bridges directed him to seize Harland's truck and tractor.

34.    Burnette alleges that Deputy Bridges directed that a hold be placed on Harland's truck and tractor.

6

35. Deputy Bridges directed that Harland's truck and tractor be seized.

36. Deputy Bridges placed a hold on Harland's truck and tractor.

37. Harland used his rollback truck and tractor daily in the operation of his business and could not afford to purchase replacements for them.

38. As of the date of filing this complaint, despite repeated requests by Harland to return his property, neither Burnette, Bridges, Martin, or the City of Sumiton have done so.

**COUNT I**
**DENIAL OF DUE PROCESS AGAINST BURNETTE AND BRIDGES**
**42 U.S.C. §1983 - 14th AMENDMENT TO THE US CONSITUTION**

39. That Harland incorporates and adopts counts 1 through 38 as if fully set forth herein and further avers as follows:

40. That Harland has a constitutionally protected interest in his property, the rollback truck, as well as his tractor and work tools on the flatbed.

41. That Burnette and Bridges subjectively knew Harland owned and or maintained a possessory interest in the truck and the property on the flatbed.

42. While acting under the color of state authority, with deliberate indifference, Burnette and Bridges violated Harland's rights to:

a. pre-deprivation due process guaranteed by the 14th Amendment to the US Constitution by having seized and impounded Harland's property without providing constitutionally adequate pre-deprivation notice or an opportunity to challenge the propriety of their decision;

b.      post-deprivation due process guaranteed by 14th Amendment to the US Constitution by having seized and impounded Harland's property without providing constitutionally adequate post-deprivation notice or an opportunity to challenge the propriety of their decision.

43.     As a result of Burnette and Bridges thereof, Harland has suffered and continues to suffer damages, mental anguish, embarrassment, loss of use of the property, loss of earnings, and emotional distress.

## COUNT II
## DENIAL OF DUE PROCESS AGAINST THE CITY OF SUMITON
## 42 U.S.C. §1983 - 14th AMENDMENT TO THE US CONSITUTION

44.     That Harland incorporates and adopts counts 1 through 38 as if fully set forth herein and further avers as follows:

45.     That Harland has a constitutionally protected interest in his property, the rollback truck, as well as his tractor and work tools on the flatbed.

46.     That the City of Sumiton's policy and custom to leave it to the officer's discretion whether to initiate a forfeiture / condemnation proceeding was facially unconstitutional.

47.     That as a direct and proximate result thereof, Burnette seized and impounded Harland's property and failed to provide him with notice or a meaningful opportunity to challenge the propriety of his decision before an unbiased decisionmaker at a meaningful time in violation of Harland's right to due process guarantee by the 14th Amendment to the US Constitution.

48.     That as a consequence, Harland has suffered and continues to suffer damages, mental anguish, embarrassment, loss of use of the property, loss of earnings, and emotional distress.

### COUNT III
### UNLAWFUL SEIZURE AGAINST BURNETTE, BRIDGES, and MARTIN 42 U.S.C. §1983 - 4th AMENDMENT TO THE US CONSITUTION

49.     That Harland incorporates and adopts counts 1 through 38 as if fully set forth herein and further avers as follows:

50.     That while acting under the color of state law, Burnette, Bridges, and Martin unlawfully seized and confiscated Harland's rollback truck, tractor, and work tools without a warrant.

51.     That with deliberate indifference, Burnette, Bridges, and Martin violated Harland's 4th Amendment right under the US Constitution to be free from unreasonable seizures.

52.     That actions of Burnette, Bridges and Martin were wrongful and as a proximate result caused Harland to suffer and continue to suffer damages, mental anguish, embarrassment, loss of use of the property, loss of earnings, and emotional distress.

### GENERAL PRAYER FOR RELIEF APPLICABLE TO ALL COUNTS:

**WHEREFORE, PREMISES CONSIDERED**, for each count alleged above, the plaintiff prays for the following relief against all defendants, separately and severally:

9

1. Damages as allowed by law,

2. Reasonable attorneys' fees, court costs, and expenses,

3. Such other, further, and general relief as is appropriate under the circumstances

and in the interest of justice.

<u>**PLAINTIFF DEMANDS TRIAL BY JURY**</u>

Respectfully submitted,

*/s/ Charles Clyde Tatum, Jr.*_____
Charles Clyde Tatum, Jr., Esquire
Post Office Box 349
Jasper, Alabama 35502
(205) 387-0708
Ctatum7@aol.com

*/s/Seth L. Diamond*_____
Seth L. Diamond (DIA009)
PO Box 349
Jasper, AL  35502
Ph: (205) 387-0708
sethdiamond@sethdiamondlaw.com

**//SERVE DEFENDANTS VIA CERTIFIED MAIL AT THE FOLLOWING//**

**TJ Burnette**
**271 State St.**
**Sumiton, AL 35148**

**City of Sumiton**
**Petey Ellis, Mayor**
**271 State St.**
**Sumiton, AL 35148**

**Jason Bridges**
**2001 2nd Ave**
**Jasper, AL 35501**

**Diane Martin**
**200 Old Warrior Rd.**
**Sumiton, AL 35148**